IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHILIP R. APSEY, | ) CASE NO. 1:11 CV 1649 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| TOWNSHIP OF CHESTER, et al., | ) |
| Defendants. | ) **MEMORANDUM OPINION** |

This matter is before the Court on the Motion for Summary Judgment filed by Defendants, Township of Chester; Officer Matthew Brickman; Assistant Fire Chief Karen Moleterno; and, John Doe Detective Chester Police Department. (Docket #23.)

**Factual Background**

In May 2010, Plaintiff and Defendant Darlene Marzano were involved in divorce and custody proceedings. Those proceedings came on the heels of Plaintiff's 2009 arrest and one-year incarceration for aggravated vehicular assault and operating a vehicle under the influence of alcohol. Upon his release, Plaintiff was granted limited driving privileges, which included travel for work.

Plaintiff alleges that, in an effort to gain an advantage in their divorce and custody proceedings, Darlene Marzano, and her cousin/friend, Chester Township Assistant Fire Chief Karen Moleterno, conspired to have Plaintiff arrested. Plaintiff claims that Assistant Fire Chief

Moleterno directed Chester Township Police Officers Brickman and Pomnean to take unlawful police action against Plaintiff without probable cause. Plaintiff also asserts that Chester Township Police Officers conducted unwarranted surveillance of his home. The specific factual allegations raised by Plaintiff are as follows:

- In June 2010, Plaintiff was called to the Chester Township Police Department, after his wife, Darlene Marzano, filed a Police Report claiming Plaintiff had stolen files from the trunk of her vehicle. Plaintiff received a ride to the Police Station, so as not to violate his driving restrictions. Plaintiff was interviewed by Officer Pomnean (identified in the Complaint as John Doe). No further action was taken. Plaintiff alleges that the Police Report and Plaintiff being called to the Police Department was part of a plan between Darlene Marzano and Karen Moleterno to force Plaintiff to violate his driving restrictions and be arrested.

- On July 13, 2010, Plaintiff was pulled over by Officer Matthew Brickman of the Chester Police for violating lanes of travel. Plaintiff's son was in the car. Plaintiff asserts that, based upon comments made by Officer Brickman, Officer Brickman appeared to have personal knowledge of Plaintiff's daily routine prior to the traffic stop. Officer Brickman questioned Plaintiff about whether he was driving in violation of his driving restrictions. Plaintiff stated that he was driving to work, as permitted under the terms of his license suspension. Officer Brickman claims Plaintiff's responses were unclear when questioned as to the location of the job site. Officer Brickman then followed Plaintiff to the alleged job site to verify whether he was telling the truth. Plaintiff asserts that upon arriving, he pulled into the wrong driveway, one driveway over from the actual job site, where an individual named Neil Hissa was waiting for him. Plaintiff claims that despite trying to explain to Officer Brickman that he was one driveway over, and despite attempts by Mr. Hissa to verify Plaintiff was indeed at a work site, Officer Brickman arrested Plaintiff. Plaintiff was charged with violating lanes of travel; driving under suspension; and, obstruction of official business. Plaintiff later pled guilty to violating lanes of travel. The charge of driving under suspension was dismissed. The charge of obstruction of official business was not pursued.

    Plaintiff asserts that Assistant Fire Chief Karen Moleterno; Darlene Marzano; Thomas Marzano (Darlene's brother); and, Officer Brickman conspired to have him arrested. Plaintiff offers Darlene Marzano's telephone and GPS records from the morning of his arrest, as well as statements from witnesses, which he asserts prove that there was a plan to have him arrested and that he was arrested without probable cause.

- Plaintiff claims that the Chester Police Department conducted surveillance of his home, sitting in marked police cars across the street from his home on at least 12 occasions.

Plaintiff filed his Complaint on August 8, 2011, asserting numerous causes of action. Plaintiff alleges violations of 42 U.S.C. § 1983 for false arrest and malicious prosecution; State tort claims for civil conspiracy, malicious prosecution, interfering with family relations and invasion of privacy; and, claims for municipal liability.

Defendants, Township of Chester; Officer Matthew Brickman; Assistant Fire Chief Karen Moleterno; and, John Doe Detective Chester Police Department (Officer Pomnean), filed their Motion for Summary Judgment on February 14, 2012. (Docket #23.) Defendants assert that Officer Brickman had probable cause to arrest and charge Plaintiff on July 13, 2012 and that no Constitutional violation occurred; that qualified immunity bars Plaintiff's claims; that there is no evidence to support a State law claim for malicious prosecution; and, that there is no basis for finding the Township of Chester liable under 42 U.S.C. § 1983. On March 26, 2012, Plaintiff filed his Response Brief. (Docket #32.) On April 13, 2012, Defendants filed a Reply Brief, reiterating the claim that Officer Brickman had probable cause to arrest and charge Plaintiff and adding argument that there is no evidence of a conspiracy. (Docket #35.)

Defendants Darlene Marzano and Thomas Marzano have not moved for summary judgment.

### Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

### Discussion

I. **Defendants Township of Chester; John Doe Detective (identified as Pomnean); Officer Matthew Brickman; and, Assistant Fire Chief Karen Moleterno**

In his Complaint, Plaintiff claims that his July 13, 2010 traffic stop and arrest were unlawful; that there was no probable cause for his arrest or the charges filed against him; and, that Officer Brickman, Assistant Fire Chief Karen Moleterno, Darlene Marzano and Thomas Marzano conspired to have him arrested. Plaintiff alleges that Moleterno and Marzano are cousins and friends; that Karen Moleterno directed Officer Brickman's actions; and, that Thomas Marzano assisted in the conspiracy to have Plaintiff arrested, in violation of his Constitutional rights. Plaintiff alleges that his June 2010 interview with John Doe Detective (Pomnean) and police cars parked outside his home on numerous occasions were connected to the conspiracy. In addition to the foregoing, Plaintiff alleges State law claims for malicious prosecution; intentional interference with familial relationships; and, invasion of privacy.

    A. **Chester Township.**

Plaintiff's Complaint raises several Causes of Action against Chester Township, asserting that Assistant Fire Chief Moleterno and Officer Brickman were acting pursuant to an official policy practice or custom of Chester Township when Plaintiff's rights were allegedly violated; that Chester Township is liable based upon a failure to train; that Chester Township is liable because Assistant Fire Chief Moleterno has final policy making authority for the Township of Chester and used that authority to deprive Plaintiff of his rights; and, that the Township of Chester ratified the acts of its employees and is, therefore, liable for the alleged violation of Plaintiff's rights. Defendants seek summary judgment as to all claims asserted against Chester Township. Plaintiff does not address the claims against Chester Township in his Response to

Defendants' Motion for Summary Judgment.

There is no evidence in the record to support Plaintiff's claims against Defendant Chester Township. There is no evidence of a policy, practice or custom; failure to train; or, that the acts of the individual Defendants were otherwise directed or ratified by Chester Township. Accordingly, Chester Township is entitled to summary judgment as to all of Plaintiff's claims.

### B. John Doe Detective Chester Police Department (identified as Pomnean).

There is no evidence in the record to support a claim that Detective Pomnean acted unlawfully. John Doe Detective (identified as Pomnean) is entitled to summary judgment as a matter of law.

### C. Officer Brickman and Assistant Fire Chief Moleterno.

Considering all of the evidence available to the Court, in a light most favorable to Plaintiff, genuine issues of material fact preclude summary judgment as to Plaintiff's Federal and State law claims against Officer Brickman and Assistant Fire Chief Karen Moleterno. It is unclear whether Officer Brickman had probable cause to arrest and sign a Complaint against Plaintiff for driving under suspension and obstructing official police business and whether and/or to what extent Moleterno and the Marzanos may have been involved. Likewise, Plaintiff's State law claims rely upon unresolved questions of fact. Accordingly, Defendants' Motion for Summary Judgment is denied as to Plaintiff's claims against Officer Brickman and Assistant Fire Chief Moleterno.

II. Darlene Marzano and Thomas Marzano.

Although Counsel for Darlene and Thomas Marzano appeared during status conferences in this case, they have not filed for summary judgment, nor have they joined in the Summary Judgment Motions filed by the other Defendants in this case. Genuine issues of material fact remain as to whether and/or to what extent their actions may have violated the law.

### Conclusion

The Motion for Summary Judgment of Defendants Township of Chester; Officer Matthew Brickman; Assistant Fire Chief Karen Moleterno; and, John Doe Detective (Docket #23) is GRANTED IN PART AND DENIED IN PART as follows:

- Summary judgment is GRANTED as to Plaintiff's claims against the Township of Chester and John Doe Detective Chester Police Department (identified as Pomnean).

- Summary judgment is DENIED as to Plaintiff's claims against Officer Brickman and Assistant Fire Chief Moleterno.

Darlene Marzano and Thomas Marzano did not move for summary judgment and genuine issues of material fact remain which necessitate trial as to Plaintiff's claims against them.

Trial shall commence as to Plaintiff's claims against Defendants Officer Matthew Brickman; Assistant Fire Chief Karen Moleterno; Denise Marzano; and, Thomas Marzano on September 11, 2012 at 8:30 a.m. in Courtroom 15B.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: July 2, 2012